**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| THE ESTATE OF E. WAYNE HAGE AND ESTATE OF JEAN N. HAGE,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | No. 91-1470L<br><br>Senior Judge Loren Smith |

**SUPPLEMENTAL MEMORANDUM OF AMICI CURIAE NEVADA DEPARTMENT OF WILDLIFE, ET AL. REGARDING THE U.S. COURT OF FEDERAL CLAIMS DECISION IN CASITAS MUNICIPAL WATER DISTRICT V. UNITED STATES**

Amici[1] respectfully submit this supplemental memorandum to draw to this Court's attention the recent opinion of the U.S. Court of Federal Claims in *Casitas Municipal Water District v. United States*, No. 05-168L (March 29, 2007) (available at: http://www.uscfc.uscourts.gov/Opinions/Wiese/07/WIESE.CASITAS032907.pdf).

While this Court has not resolved the issue of whether a taking occurred in this case, *see Hage v. United States*, 51 Fed. Cl. 570, 574 (2002), this Court has suggested that plaintiffs might be able to present a viable taking claim based on the theory that government actions restricting plaintiffs' use of water for grazing purposes effected a "physical taking" of their alleged property interests. *See id*. at 576 (entitling a section of this Court's opinion, "The Legal Standard in Physical Takings Cases"). In support of this suggestion, this Court cited, among other decisions, the decision of the U.S. Court of Federal Claims in *Tulare Lake Basin Water Storage District v. United States*, 49 Fed. Cl. 313 (2001). *Id*. In that case, the Court (Wiese, J.), held that a

[1] Amici are the Nevada Department of Wildlife, the National and Nevada Wildlife Federations, the Natural Resources Defense Council, and the Toiyabe Chapter of the Sierra Club.

regulatory restriction on water use constituted a physical taking. In the recent *Casitas* case, Judge Wiese declined to follow the analysis he adopted in the *Tulare Lake* case, reasoning that the U.S. Supreme Court's intervening decision in *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 535 U.S. 302 (2002) "compels us to respect the distinction between a government takeover of property (either by physical invasion or by directing the property's use to its own needs) and government restraints on an owner's use of that property." *Casitas Municipal Water District*, slip op, at 9. This ruling supports the argument previously advanced by amici that plaintiffs cannot properly rely on a physical taking theory in this case. *See* Post-Trial Brief of the Amici Curiae Nevada Department of Wildlife et al. at 11-14 (Doc. No. 267; filed September 16, 2004).

Amici respectfully submit that the recent opinion in *Casitas* provides further support for the conclusion that this Court should enter judgment for the United States on all claims.

Date: April 6, 2007

Respectfully submitted,

/s/

Johanna H. Wald, COUNSEL OF RECORD
Natural Resources Defense Council
111 Sutter Street, 20th floor
San Francisco, California 94104
415/875-6100; 415/875-6161 (fax)

Thomas D. Lustig
National Wildlife Federation
2260 Baseline Road, Suite 100
Boulder, Colorado 80302
303/441-5158; 303/786-8911 (fax)

**Attorneys for *Amici Curiae* Nevada Department of Wildlife, National and Nevada Wildlife Federations, Natural Resources Defense Council, and the Toiyabe Chapter of the Sierra Club**

Of Counsel:

John Echeverria
Georgetown Environmental Law & Policy Institute
Georgetown University Law Center
600 New Jersey Ave., NW
Washington, D.C. 20001

Professor Joseph Feller
College of Law
Arizona State University
Tempe, AZ 85287-7906