# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| E. WAYNE HAGE AND THE ESTATE OF JEAN N. HAGE,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendants. | No. 91-1470 L<br>Senior Judge Loren Smith |

## PLAINTIFF'S STATUS REPORT

Pursuant to the Court's direction at the status conference held on June 16, 2008, Plaintiffs Estate of E. Wayne Hage and Estate of Jean Hage hereby submit their status report with regard to preparation of the final judgment in this case.

As the Court is aware, much time has elapsed since the date of the taking in this case. In fact, we are approaching the seventeenth anniversary of the taking as was found by the Court. Moreover, it has been over four years since the date of the trial on the liability and damages issues. Because so much time has elapsed, plaintiffs are concerned that the valuation method used by the court to determine the value of plaintiffs' water rights may not provide the just compensation that is required under the Constitution. Plaintiffs argued in their closing argument in October 2004 that using the date of taking valuation after so much time had lapsed would not provide just compensation to plaintiffs and would provide a huge windfall to the United States.

At the time of the damages phase trial in May 2004, plaintiffs' experts testified that the value of the water rights in 1991, the date of the taking, was somewhere between $162.50 and $500.00 per acre foot. Since 2004, it appears that the value of

water rights in central Nevada have risen dramatically. Plaintiffs are informed and believe that water rights in central and eastern Nevada are now selling for substantially more than $2000.00 per acre foot for use as agricultural water rights. Given the significant elapse of time, plaintiffs believe that an evaluation of the fair market value of the water rights based upon the date of taking proven at trial does not satisfy the principles of just compensation the Fifth Amendment requires.

In *Kirby Forest Industries, Inc. v. United States*, 467 U.S. 1 (1984), the Supreme Court addressed the issue of valuation of the fair market value of property when a considerable amount of time had passed. *Kirby* dealt with timber lands that the United States sought to appropriate. Three years elapsed between the time the United States appropriated the land and the time that it tendered payment. In that time the landowners in *Kirby* asserted that the fair market value of the land had appreciated substantially. The Supreme Court held:

> However reasonable it may be to designate the date of the trial as the date of valuation, if the result of that approach is to provide the owner substantially less than the fair market value of his property on the date the United States tenders payment, it violates the Fifth Amendment.

*Id.* at 17. Where, as here, the date of the taking preceded the trial date by some thirteen years, and the date of the Court's opinion is more than sixteen years after the complaint was filed, it becomes even more paramount that the Court conduct a careful analysis of the fair market value of the property at the time that payment is made by the United States to ensure that the Fifth Amendment is not violated.

The United States argued in *Kirby* that a mandated award of interest, "at least from the date of the valuation to the date of the taking would be a "rough proxy" for the increase in the value of the land during that period." *Id.* However, the Supreme Court

declined the invitation, finding that "[c]hange in market value of particular tracts of land over time bears only a tenuous relationship to the market rate of interest." *Id.* The Supreme Court went on to fashion its proposed remedy for the gap in just compensation, by stating:

> Solution of the problem highlighted by petitioner requires, not a rule compelling payment of interest by the Government, but rather a procedure for modifying a condemnation award when there is a substantial delay between the date of valuation and the date the judgment is paid, during which time the value of the land changes materially. In the case before us, such a procedure is readily available. In view of the inadequacy of the commission's explanation for its valuation of petitioner's land, the Court of Appeals remanded for reconsideration of the value of the property. On remand, the District court can easily adduce evidence pertaining to alteration in the value of petitioner's tract between March 6, 1979 and March 26, 1982. In our view, such a reassessment is both necessary and sufficient to provide petitioner just compensation.

*Id.* at 17-18. With the Supreme Court finding that just compensation may not be met with a three year gap between a taking and payment, surely an almost seventeen year gap requires a reconsideration of the value of plaintiffs' water rights.

Plaintiffs are analyzing the use of alternative interest rates to help make up the gap between the market value on the date of taking and the date of the final judgment. The United States has proposed to use the Declaration of Takings Act interest calculation in 40 U.S.C. § 3116. However, it does not appear that any interest calculation that plaintiffs can find will make up the difference between the disparity of values from 1991 to 2008. The value of water rights in 2008 may have risen over twelve times the value in 1991. As the Court is aware, the value water rights in the west, and in particular in Nevada has increased dramatically. As the Supreme Court observed in *Kirby*, an interest award does not even provide a "rough proxy" for the

disparity in market value. *Id.* at 17. Plaintiffs believe that the only solution to the issue is for the Court to reconsider its valuation. Plaintiffs intend to file a formal motion for reconsideration of the value of the water rights within 45 days to seek a remedy for the issue.

As for interest calculation for the range improvements, the Court found were taken and for which compensation is due under 43 U.S.C. § 1752(g), plaintiffs believe that an alternative interest rate to the rate used in the Declaration of Takings Act should be used. This is true for a number of reasons. First, the value of range improvements has not risen in the same dramatic fashion that the water rights have, and an appropriate interest award may provide plaintiffs just compensation for the loss of these improvements. Second, the plaintiffs should be awarded an interest rate that should at least match the rate plaintiffs would have earned if they had made a prudent investment with the preservation of capital in mind. *United States v. 429.59 Acres of Land, 612* F.2d 459, 464-65 (9th Cir. 1980).

Plaintiffs propose to file with the court a calculation of the interest rate based upon a rate that would satisfy the "prudent investor" rule within 45 days.

Plaintiffs may also seek clarification of certain issues in the June 6, 2008 opinion, and seek leave to file that request at the same time as the Motion of Reconsideration.

///

///

///

///

///

Plaintiffs agree with Defendant that under these circumstances the issue of attorneys' fees and costs should be deferred until after the final judgment is issued by the Court.

Dated: July 16, 2008

By: /S/

Lyman D. Bedford, Bar No. 40665
HANSON BRIDGETT LLP
Wood Island
80 E. Sir Francis Drake Blvd., Suite 3E
Larkspur, CA 94939
Telephone: (415) 925-8400
Facsimile: (415) 925-8409

Attorneys for Plaintiff
E. WAYNE HAGE AND THE ESTATE OF JEAN H. HAGE

Michael J. Van Zandt
Of Counsel

CERTIFICATE OF SERVICE

At the direction of the Attorney of Record or his designee, on the date designated below, I served the within Status Report on the interested parties in this action by first class mail as follows:

Michael Wolz
Nevada Attorney General's Office
100 North Carson Street
Carson City, NV 89701-4717

Dated: July 16, 2008

Keith Kiley