# In the United States Court of Federal Claims

Case No. 91-1470L
Filed: November 3, 2009
FOR PUBLICATION

* * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| THE ESTATE OF E. WAYNE HAGE AND THE ESTATE OF JEAN N. HAGE, | 43 U.S.C. § 1752(g); Regulatory Taking; Fifth Amendment; Motion for Partial Reconsideration; RCFC 59 |
| *Plaintiffs*, v. | |
| THE UNITED STATES, | |
| *Defendant*. | |

* * * * * * * * * * * * * * * * * * * * *

*Lyman D. Bedford* and *Michael Van Zandt*, McQuaid, Hanson Bridgett, LLP, San Francisco, CA, for Plaintiffs.

*Bruce K. Trauben*, Trial Attorney, Department of Justice, Environmental and Natural Resources Division, Washington, D.C., with whom was *Ronald J. Tenpas*, Acting Assistant Attorney General, Department of Justice, Washington, D.C., for Defendant.

*Kenneth D. Paur*, Assistant Regional Attorney, U.S. Department of Agriculture, Office of the General Counsel, Ogden, UT and *Nancy Zahedi*, Assistant Regional Solicitor, U.S. Department of the Interior, Office of the Solicitor, Sacramento, CA, Of Counsel for Defendant.

## OPINION and ORDER

**SMITH**, Senior Judge:

On June 6, 2008, the Court issued an Opinion resolving the final remaining issue in this long-standing case: whether the Government's actions amounted to a taking under the Fifth Amendment and, if so, the amount of just compensation due to Plaintiffs. *See Hage v. United States*, 82 Fed. Cl.

1

202, 203 (2006).  In its latest Opinion,[1] the Court found that the Government's action was indeed a taking under the Fifth Amendment and awarded Plaintiffs "$2,854,816.20 for the value of their water rights, plus $1,365,615.00 for the value of [range] improvements, for a total award of $4,220,431.20, plus interest from the date of the taking."  *Id*. at. 212.

On December 12, 2008, Defendant filed a Motion for Partial Reconsideration on the limited subject of the Court's award of compensation for range improvements under 43 U.S.C. § 1752(g)[2] pursuant to RCFC 59.  On January 30, 2009, the Court ordered Plaintiff to respond to the Defendant's Motion, which was received on March 16, 2009 and Defendant's subsequent reply was received on April 3, 2009.  After full briefing and oral argument, the Court hereby **DENIES** Defendant's Motion for Partial Reconsideration.

## I. STANDARD OF REVIEW

Generally, a Court is given considerable discretion when determining whether to grant relief under RCFC 59.  *See, e.g.*, *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990).  To prevail on a motion under RCFC 59, the movant must identify a "manifest error of law, or mistake of fact."  *Ammex, Inc. v. United States*, 52 Fed. Cl. 555, 557 (2002), *aff'd*, 384 F.3d 1368 (Fed. Cir. 2004).   More specifically, the moving party must show: (1) an intervening change in controlling law; (2) the availability of previously unavailable evidence; or (3) the necessity of granting the motion to prevent manifest unjust.  *System Fuels, Inc. v. United States*, 79 Fed. Cl. 182, 184 (2007); *Griswold v. United States*, 61 Fed. Cl. 458, 460-61 (2004).  Furthermore, the Court has the duty to balance "the need to bring litigation to an end and the need to render just decisions on the basis of all facts." *Minton v. National Ass'n of Sec. Dealers, Inc.*, 336 F.3d 1373, 1379 (Fed. Cir. 2003) (quoting *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990)).

## II. DISCUSSION

In its Motion for Partial Reconsideration, Defendant asks the Court to set aside, or alternatively, to modify the amount of damages awarded to Plaintiffs for range improvements to prevent a manifest injustice to the United States Government.  *See* RCFC 59(a)(1)(C).  (*See also* Def.'s Mot. for Partial Recons. at ii.)  Specifically, Defendant states that:

---

[1] This matter was filed in this Court on September 26, 1991, and involves a lengthy record including five Opinions:  *Hage v. United States*, 35 Fed. Cl. 147 (1996) (*Hage I*); *Hage v. United States*, 35 Fed. Cl. 737 (1996) (*Hage II*); *Hage v. United States*, 42 Fed. Cl. 249 (1998) (*Hage III*); *Hage v. United States*, 51 Fed. Cl. 570 (2002) (*Hage IV*) and; *Hage v. United States*, 82 Fed. Cl. 202 (2006) (*Hage V*).

[2] In relevant part, 43 U.S.C. § 1792(g) states that a party is entitled to just compensation of "authorized permanent improvements placed or constructed by the permittee or lessee on lands covered by such a permit or lease."

> [t]here is no evidence that Plaintiffs placed or constructed 238 miles of fencing, 634 miles of roads and trials, and 44.7 miles of ditches and pipelines on the lands covered by the grazing permits. At the most, Plaintiffs installed less than five miles of fencing and maintained or replaced less than eight miles of ditches and pipelines. Plaintiffs also built no new roads and trials on the ranch.

(Def.'s Mot. for Partial Recons. at 3-4.) Rather, Defendant claims that the trial record shows that Plaintiffs merely maintained the range improvements and argues that maintenance alone is not sufficient for compensation under 43 U.S.C. § 1752(g). *Id*. Furthermore, Defendant argues that Plaintiffs failed to show "that any of the improvements for which the Court awarded compensation were authorized" under 43 U.S.C. § 1792(g). *Id*. at 14.

Conversely, Plaintiffs ask the Court to deny Defendant's Motion arguing that the motion does not meet the requirements set forth in RCFC 59(a)(1)(A)-(C). Moreover, Plaintiffs contend that "the Defendant has shown absolutely no manifest error of law or mistake of fact, or any extraordinary circumstances which justify relief." (Pls.' Resp. to Def.'s Mot. for Partial Recons. at 7.) With respect to the Defendant's argument that the range improvements made on the ranch were not authorized, Plaintiffs respond by stating that "[t]his argument is completely without merit and is not a proper subject for a motion for reconsideration." *Id*. at 22.

The Court agrees with Plaintiffs' position that Defendant's Motion for Partial Reconsideration is without merit. Generally, 43 U.S.C. § 1752(g) limits compensation to a permittee or lessee for range improvements that were "placed or constructed" on that lands covered by the permit. However, the Court finds that Plaintiffs offered satisfactory evidence at trial to demonstrate that the compensated range improvements were, in fact, "placed or constructed" by the Hages. *See* 43 U.S.C. § 1752(g); *see also Hage V*, 82 Fed. Cl. at 212.

### A. Compensation for Range Improvements

In its Motion, Defendant attempts to distinguish the trial record from the Court's previous Opinion by citing sporadic testimony of Mr. Hage as conclusive evidence of their position regarding the Court's award for range improvements. However, Defendant's argument fails to take into consideration the testimony and expert report of Dr. McIntosh. Instead, Defendant argues that the Court's reliance on Dr. McIntosh's expert designation is misplaced because he did not testify that Plaintiffs "placed or constructed" all of the improvements contained in his report. (Def.'s Mot. for Partial Recons. at 12-14.) However, Defendant failed to rebut Dr. McIntosh's findings during his cross-examination and through direct examination of it own appraiser, Mr. Meiling. In fact, Mr. Meiling testified that the United States had not employed him to evaluate the range improvements. The record notes:

> MR. VAN ZANDT [Counsel for Plaintiffs]: One last couple of questions here, Mr. Meiling. Do you understand that there's a separate claim in this case for the range improvements on the allotment?

>MR. MEILING: I don't have any knowledge of a separate claim on the range. I wasn't asked to value the range improvements, as you can see in my -
>
>MR. VAN ZANDT: That was not a component of the valuation that you did?
>
>MR. MEILING: No, and you can see that on A1.
>
>MR. VAN ZANDT: But if, in fact, you knew that there was a claim for the range improvements in part of this case, would you expect to have that as part of your assignment, do an evaluation of those?
>
>MR. MEILING: Well, the client can ask me to do whatever they ask me to do. If they want me to value the -
>
>MR. VAN ZANDT: No further questions, Your Honor.

(Trial Tr. 3688:23 - 3689:15.)

Generally, a motion brought under RCFC 59 may not be guised to seek a "second bite at the litigation apple." *Innovair Aviation, Ltd. v. United States*, 83 Fed. Cl. 105, 105 (2008). Thus, the Court finds that the expert report presented by Dr. McIntosh is uncontroverted and the Court properly relied on the calculations contained therein, as well as Mr. Hage's trial testimony, which the Court found credible under the light of extensive cross-examination.

### B. Authorization of Improvements Made by Plaintiffs

Defendant's final argument in its Motion for Partial Reconsideration contends that "Plaintiffs' grazing permits . . . show that they only were authorized to maintain fences and certain other improvements. (Def.'s Mot. for Partial Reoncs. at 15.) While Defendant does not dispute that Plaintiffs are in possession of various grazing permits, Defendant argues that:

>43 U.S.C.§ 1752(g) does not contemplate a permittee or lessee for range improvements that the permittee or lessee merely <u>maintained</u>. Rather, 43 U.S.C. § 1752(g) makes clear that a permittee or lessee only may be compensated for range improvements that he or she 'placed or construct' on the lands covered by the permits.

*Id*. at 16 (emphasis in original). However, Defendant's argument fails to recognize that the term "maintenance," as described in Plaintiffs' permits, may necessarily include "plac[ing] or construct[ing]," range improvements. The Court finds that Defendant's disjunctive interpretation of Plaintiffs' permits, along with 43 U.S.C.§ 1752(g), is too narrow and cannot be squared with the language of the statute and the reality of range work and construction. Thus, the Court finds that Defendant's argument lacks merit.

### C. Correction of the Court's June 6, 2008 Opinion

In its response to Defendant's Motion for Partial Reconsideration, Plaintiffs note that "no value or compensation was provided by the court for improvements made by Plaintiffs for the 44.7 miles of ditches and pipelines." *See Hage V*, 82 Fed. Cl. at 215. (*See also* Pls.' Resp. to Def.'s Mot. for Partial Recons. at 2.) Appearing that an omission was made in the original Opinion, the Court hereby incorporates the following into its June 6, 2008 opinion on pages 17-18:

### 3. Ditches and Pipelines

Plaintiffs provided evidence at trial showing that they constructed and extensively maintained approximately 25.5 miles of ditches and 19.2 miles of pipelines on the ranch, or 44.7 miles of ditches and pipelines. Mr. Hage provided the Court with lengthy testimony regarding the extent of maintenance performed on various ditches and pipelines located on the Ranch. Specifically, Mr. Hage testified that when a particular ditch would fill up with "alluvium" and become "crowded densely with pinyon and juniper trees," that it was digging a new ditch was the only method to recover use of the ditch. (Trial Tr. 116:19-118:7 (May 3, 2004).)

The Court finds that the estimated average cost of constructing one mile of ditch or pipeline for agriculture use in 1991 was approximately $3,900. Applying an adjustment of .85 for an estimated fifteen percent physical deterioration, the Court finds that the value of the ditches to be $84,532. Further, applying an adjustment of .90 for an estimated ten percent deterioration, the Court finds the value of the pipelines to be $67,392. Therefore, the Court finds that the total value of the ditches and pipelines was **$151,924.**

### III. CONCLUSION

1. For the reasons set forth in this Opinion, the Court hereby **DENIES** Defendant's Motion for Partial Reconsideration.

2. In light of the omitted section in the Court's June 6, 2008 Opinion, the Court hereby amends its previous Opinion and **AWARDS** Plaintiffs **$2,854,816.20** for the value of their water rights plus **$1,517,539.00** for the value of their improvements, for a total award of **$4,372,355.20**, plus interest from the date of the taking.

3. The Court shall schedule a telephone status conference to discuss the issue of interest calculation with the parties.

**It is so ORDERED.**



  s/Loren A. Smith  
LOREN A. SMITH,  
Senior Judge