# In the United States Court of Federal Claims

Case No. 91-1470L
Filed: June 9, 2010
FOR PUBLICATION

* * * * * * * * * * * * * * * * * * * * * *
|   |   |
|---|---|
|  | * |
| **THE ESTATE OF E. WAYNE HAGE** | * |
| **AND THE ESTATE OF JEAN N.** | * |
| **HAGE,** | * |
|  | * |
| *Plaintiffs*, | * |
| v. | * |
|  | * |
| **THE UNITED STATES**, | * |
|  | * |
| *Defendant*. | * |
|  | * |

Interest Calculations; No Interest for
Range Improvements; 43 U.S.C. §
1752(g); Declaration of Takings Act;
U.S. Treasury STRIPS Rate; Fifth
Amendment Takings Clause

* * * * * * * * * * * * * * * * * * * * * *

    *Lyman D. Bedford* and *Michael Van Zandt*, Hanson Bridgett, LLP, San Francisco, CA, for Plaintiffs.

    *Bruce K. Trauben*, Trial Attorney, Department of Justice, Environmental and Natural Resources Division, Washington, D.C., with whom was *Ronald J. Tenpas*, Assistant Attorney General, Department of Justice, Washington, D.C., for Defendant.

## OPINION and ORDER

**SMITH**, Senior Judge:

    In its latest Opinion and Order[1] dated November 3, 2009, the Court denied Defendant's Motion for Partial Reconsideration and amended the Court's June 6, 2008 Damages Opinion, awarding the Plaintiffs $2,854,816.20 for the value of their water rights, plus $1,517,539.00 for the value of their range improvements, for a total award of $4,372,355.20, plus interest from the date

---

[1] This matter was filed in this Court on September 26, 1991, and involves a lengthy record including six Opinions:  *Hage v. United States*, 35 Fed. Cl. 147 (1996) (*Hage I*); *Hage v. United States*, 35 Fed. Cl. 737 (1996) (*Hage II*); *Hage v. United States*, 42 Fed. Cl. 249 (1998) (*Hage III*); *Hage v. United States*, 51 Fed. Cl. 570 (2002) (*Hage IV*); *Hage v. United States*, 82 Fed. Cl. 202 (2006) (*Hage V*) and; *Hage v. United States*, 90 Fed. Cl. 388 (2009) (*Hage VI*).

of the taking. *Hage VI*, 90 Fed. Cl. at 392.  Thereafter, the Court directed the parties to file Proposed Interest Calculations in order for the Court to enter its final order.  After full briefing, oral argument was held in Reno, Nevada.  After careful review and consideration, the Court holds that the Plaintiffs are entitled to interest from the date of the taking at the United States Treasury STRIPS Rate for the value of the water rights, but not for the value of the range improvements under 43 U.S.C. § 1752(g) (2006).  As these numbers were not provided, the parties are now directed to file these new interest calculations.

## I. LEGAL STANDARDS

"No consensus has emerged with regard to the appropriate interest rate to be employed in just compensation cases . . . ." *Tulare Lake Basin Water Storage Dist. v. United States*, 61 Fed. Cl. 624, 627 (2004).  However, in order to "provide the full and perfect equivalent of the property taken, courts have often relied on a standard referred to as the prudent investor rule." *Id.* (quoting *Seaboard Air Line Ry. v. United States*, 261 U.S. 299, 304 (1923)) (citation and quotation marks omitted).  Under this prudent investor rule, an appropriate interest rate is calculated based on "how a reasonably prudent person would have invested the funds to produce a reasonable return while maintaining safety of principal," and not based on "how a particular plaintiff would have invested any recovery." *Id.* (quoting *United States v. 429.59 Acres of Land*, 612 F.2d 459, 464-65 (9th Cir. 1980)) (quotation marks omitted).

Moreover, while interest may be awarded against the United States as just compensation under the Fifth Amendment for the fair market value of the taken property, *see United States v. Worley*, 281 U.S. 339, 341 (1930), interest is not recoverable absent "an express waiver of sovereign immunity." *Library of Cong. v. Shaw*, 478 U.S. 310, 311 (1986), *superseded by statute*, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1079, *as recognized in*, *Landgraf v. USI Film Prods.*, 511 U.S. 244, 251 (1994).

## II. DISCUSSION

Pursuant to the Court's September 25, 2008 Order, each party submitted interest calculations.  First, Plaintiffs filed interest calculations based on: (1) the Declaration of Takings Act (DTA) Rate; and (2) the United States Treasury STRIPS (Treasury STRIPS) Rate.[2]  In response, the Defendant filed interest calculations based solely on the DTA Rate.  Plaintiffs contend that the DTA Rate is inappropriate in this case and that the Court should instead apply the Treasury STRIPS Rate because it is what a prudent investor would have done to preserve principal over time while still providing a reasonable rate of return.  Plaintiffs further argue that they are entitled to interest for the entire damages award, including both the water rights and the range improvements, while the Defendant argues that interest may not be awarded for the range improvements under 43 U.S.C. § 1752(g).

---

[2] Plaintiffs still contend that the Nevada Revised Statute prejudgment interest rate is the appropriate rate to apply.  (Pls.' Proposed Interest Calculations 4.)  However, the Court already rejected this argument and Plaintiffs did not provide any interest calculations for this rate.

### A. The Declaration of Takings Act Rate

The Court first turns its attention to the DTA Rate and whether this is the appropriate rate under the facts of this case. The Defendant argues that this rate is appropriate because the Court directed the parties to submit interest calculations based on the DTA Rate, and did not ask for any other rates. (*See* Def.'s Proposed Interest Calculations 5.) Therefore, using the numbers provided by the Defendant with regard to the DTA Rate, interest would be calculated from the date of taking until the judgment is entered "based upon the interest rate for the one year constant maturity yield on treasury bonds . . . ." (Pls.' Proposed Interest Calculations 2.) The operative interest rates between the date of the taking, September 26, 1991, and the date of final judgment would vary between 6.09% and 0.41%. (Def.'s Proposed Interest Calculations Ex. A (Updated).) Thus, under the DTA Rate, Plaintiffs would receive a total award of approximately $7,379,747.94.[3]

However, Plaintiffs argue that this rate was "designed for a situation where the United States pays money into the court at the date of the taking and prejudgment interest is calculated on the difference between the amount deposited and the actual value determined by the court." *Id.* (citing 40 U.S.C. § 3116). Plaintiffs further contend that calculating interest under the DTA Rate would be inappropriate because this rate "was not intended to compensate plaintiffs for the value of the property in cases of inverse condemnation where much time has elapsed between the date of taking [and] the actual payment of just compensation," as is the case here. *Id.* As an alternative to the DTA Rate, Plaintiffs advance the argument that the Court should employ the Treasury STRIPS Rate. Plaintiffs argue that the Treasury STRIPS Rate reflects what a "prudent investor" would have invested in at the time and which, if used, would compensate the Plaintiffs more appropriately.

The Court agrees with Plaintiffs that the DTA Rate is not the appropriate rate to use in this case since it has been nearly 19 years that the case has been pending. The DTA Rate would not effectively reimburse Plaintiffs for the value of their property where, as here, so much time has passed between the date of the taking and final judgment. Instead, the Court will look to the Treasury STRIPS Rate to calculate the interest in this case.

### B. The United States Treasury STRIPS Rate

The Treasury STRIPS[4] Rate "takes into account the lengthy delay and risks frequently associated with enforcing a takings judgment against the federal government while still providing a reasonable return on investment over time." *Independence Park Apartments v. United States*, 61

---

[3] This amount is based on Defendant's Exhibit A (Updated) to its Proposed Interest Calculations, which was provided to the Court at oral argument, and does not include interest for the range improvements, as discussed below.

[4] STRIPS is an acronym that stands for "Separate Trading of Registered Interest and Principal of Securities." TreasuryDirect, *STRIPS*, at http://www.treasurydirect.gov/instit/marketables/strips/strips.htm (last visited May 24, 2010).

Fed. Cl. 692, 717 (2004). The Treasury STRIPS Rate uses a fixed interest rate that is computed daily and compounded annually. (*See* Def.'s Proposed Interest Calculations 6; Pls.' Proposed Interest Calculations 3.) Using the Treasury STRIPS Rate and starting on the date that the taking occurred, September 26, 1991, Plaintiffs propose a fixed interest rate of 8.25%. (*See* Pls.' Proposed Interest Calculations 3.)

Plaintiffs argue that the Treasury STRIPS Rate is the more appropriate interest rate based on what a prudent investor would have done to preserve principal over time while receiving a reasonable rate of return. *See id.* at 2-3. Plaintiffs rely on two cases decided by Judge Lettow, in this Court, to support this position. First, in *CCA Assocs. v. United States*, 75 Fed. Cl. 170, 204 (2007), the court held that the Treasury STRIPS Rate was "appropriate to calculate interest for a taking that had occurred over ten years before the judgment was entered." (Pls.' Proposed Interest Calculations 2-3.) Similarly, in *Independence Park Apartments v. United States*, 61 Fed. Cl. 692, 716 (2004), the court used the ten-year Treasury STRIPS Rate to take into account the lengthy delay, yet still providing for a reasonable rate of return over that time. *Id.* at 3.

The Defendant contends that Plaintiff's submission of the Treasury STRIPS Rate, in addition to the DTA Rate requested by the Court, is "effectively . . . a second motion for reconsideration of the applicable interest rate." (Def.'s Proposed Interest Calculations 5.) Thus, because "[t]he Court did not specify any other interest rate . . . the Court should reject Plaintiffs' request for an alternative interest rate." *Id.* The Defendant further argues that the Court may not use the Treasury STRIPS Rate because the Court did not hear expert testimony on this issue, while each of the cases relied on by Plaintiffs utilized expert testimony for interest calculations.

The Court rejects the Defendant's arguments and agrees with Plaintiffs that the Treasury STRIPS Rate is the more appropriate interest rate, as compared to the DTA Rate. The Treasury STRIPS Rate also compensates the Plaintiffs more appropriately. The Court also rejects Defendant's argument that Plaintiffs' submission of a second interest rate amounts to a motion for reconsideration, even though the Court denied a previous request to use a similar interest rate. Parties are generally allowed to submit additional interest rates, under different theories, even if not directed by the Court to do so.

Further, the Court does not need expert testimony in this case to determine what a reasonably prudent investor would have done. The "prudent investor" rule is an objective standard and a legal question that the Court can decide with or without the use of expert testimony, much like the "reasonably prudent person" standard employed in a negligence case. *See Black's Law Dictionary* 1056 (7th ed. 1999). The Court, therefore, holds that a reasonably prudent investor in Plaintiffs' position would have invested in long-term Treasury STRIPS to preserve principal and earn a reasonable rate of return over the length of this litigation. This award will be greater than the approximate $7,379,747.94 listed above and puts Plaintiffs back in the position they would have been in had they been fully compensated on the date the taking occurred.

### C.  No Interest for Range Improvements

Finally, the Defendant argues that Plaintiffs may not be awarded interest for the value of their range improvements because 43 U.S.C. § 1752(g) does not include an express statutory waiver of sovereign immunity for an award of interest.  *See Shaw*, 478 U.S. at 317; *see also Sandstrom*, 358 F.3d at 1379.  The Defendant argues that the most that can be said for 43 U.S.C. § 1752(g) is that the statute provides for "reasonable compensation for the *adjusted value*" of the range improvements. (Def.'s Proposed Interest Calculations 3-4.)  "Thus, while Congress provided for adjustment in value of improvements due to inflation or obsolescence [of the improvements], it did not provide for an award of interest."  *Id.* at 4.

In contrast, Plaintiffs argue that the Court has the discretion to award interest in order to fully compensate Plaintiffs for the Government's actions.  (Pls.' Reply Br. 1-2.)  Plaintiffs further argue that courts have "recognized that 'plaintiffs' claim for compensation under 43 U.S.C. § 1752(g) is *nearly identical* to their takings claims.'"  *Id.* at 5 (quoting *Lucas v. S.C. Coastal Council*, 501 U.S. 1003, 1018-19 (1992)) (emphasis in original).  Plaintiffs would have the Court treat a taking under 43 U.S.C. § 1752(g) the same as a taking under the Fifth Amendment since they argue that there is "no substantive difference" between the two takings, and § 1752(g) does not "expressly prohibit an additional award of interest."  *Id.* at 7-8.  The Court cannot agree with Plaintiffs' position.

Section 1752(g) must contain an express waiver of sovereign immunity to award interest on Plaintiffs' damages for the range improvements.  *See Shaw*, 478 U.S. at 317; *see also Sandstrom*, 358 F.3d at 1379.  It is not enough that the statute does not expressly prohibit such an award, as Plaintiffs argue above.  (*See* Pls.' Reply Br. 7-8.)  Here, the Court awarded Plaintiffs $1,517,539.00 for the value of their range improvements under 43 U.S.C. § 1752(g), not pursuant to the Fifth Amendment.  *See Hage VI*, 90 Fed. Cl. at 392.  Thus, Plaintiffs may not receive interest on the range improvements, since § 1752(g) does not contain an express waiver of sovereign immunity.

Finally, Plaintiffs argue that the Court should grant them a discretionary award of pre-judgment interest on the range improvement because "such an award would be fair, equitable and necessary to compensate the wronged party fully."  (Pls.' Reply Br. 1-2).  However, the Court does not have the discretion, absent an express waiver of sovereign immunity, to grant such an award.

### III.  CONCLUSION

1.    For all the above reasons, the Court hereby **AWARDS** Plaintiffs interest from the date of the taking, at the 8.25% per year United States Treasury STRIPS Rate for the value of their water rights but not for the value of their range improvements pursuant to 43 U.S.C. § 1752(g).

2.    Because the parties have not provided the Court with these exact interest calculations, the parties are hereby **DIRECTED** to filed the above interest calculations within 30 days of the date of this Opinion and Order.  These calculations should provide the total amount as of July 31, 2010.

3.     Finally, the Court hereby **DENIES AS MOOT** both of Defendant's Motions to Strike, Plaintiffs' Motion for Judicial Notice, and Plaintiffs' Motion to Strike Defendant's Response.

**It is so ORDERED.**

                                            <u> s/Loren A. Smith    </u>
                                            LOREN A. SMITH,
                                            Senior Judge